## BROWN v. BYRNE et al.
### No. 3074.

Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

J. Walker Morrow, of El Paso, for appellant.

Brown & Brooke, of El Paso, for appellees.

WALTHALL, Justice.

This case is stated in the briefs of one of the parties substantially as follows:

J. Wylie Brown brought suit in the district court against Charles L. Byrne, Jas. Q. Byrne, E. F. Byrne, George Biefer, and Tri-State Tobacco & Candy Company, alleging that he is the owner of preferred stock in the last-named defendant, a corporation, in the sum of $13,000 par value, and that suit was brought on behalf of the corporation for the benefit of himself and all other stockholders, he and the other individual defendants being the only persons owning stock in the corporation; that the individual defendants were the only directors in the corporation and had complete control thereof. He alleged that upon inspection of the books of the corporation during August and September, 1933, he ascertained that the individual defendants abstracted from the funds of the corporation, without right or authority, the sum of $8,000, which they have applied to their own use and benefit, and that other sums in the amount of $4,000 have been by them taken from the assets of the corporation and applied to their own individual use and benefit, and that these abstractions were unauthorized and illegal and in violation of the rights of the plaintiff and all other stockholders. He prayed that he have judgment for the benefit of himself and all other stockholders in behalf of the corporation against the individual defendants in the sum of $12,000, with interest and costs.

The defendants answered by a general demurrer, general denial, and a plea of the two years' statute of limitations, and further that if any moneys were paid out by them, that said sums were paid out to the plaintiff himself more than two years prior to the filing of the plaintiff's petition, with his full knowledge and acquiescence, and that at the time said moneys were paid out, he knew of their source and knew that they were paid from corporate funds, and he was advised and knew of that fact, and with knowledge of that fact, he accepted said moneys and acquiesced in the payment thereof and waived any claim or right which he might have, and by virtue of the facts he is estopped to assert any claim against these defendants or either of them and cannot now be heard to assert same. That the transaction alleged by him involved a trade in connection with corporate stock in the Tri-State Tobacco & Candy Company, which he owned and which he was selling to some of the defendants, and the moneys described by him in his petition were paid out to him with his knowledge of the source from which said funds came, and he was fully advised with reference thereto in the premises; that at all times the books and papers of the corporation were accessible to him and open

to his inspection, and he had free access thereto, and that he consented to said transaction and acquiesced therein and with knowledge of the facts failed to protest at the time of the transaction, and until long thereafter when the entire financial status and ability of the defendants and of the corporation itself had changed due to a long period of economic depression; that the plaintiff knowingly accepted the benefits of the payments, acquiesced therein, and waived any irregularity there may have been in connection therewith, and after said acquiescence and long delay cannot now be heard to complain; that he fails to come into court with clean hands, and, under the circumstances, is not entitled to the relief prayed for by him. The defendants followed these allegations with a prayer that plaintiff take nothing by his suit; that they go hence without day and have and recover of and from the plaintiff their costs, with general and equitable relief.

Upon trial the court overruled the defendants' demurrers, defendants excepting, and having heard the evidence, found that the plaintiff was not entitled to the relief sought and rendered judgment for the defendants. At the request of the plaintiff, the court filed findings of fact and conclusions of law, which we now copy in full in this opinion.

### Findings of Fact.

1. On February 14, 1931, J. Wylie Brown, plaintiff, and James Q. Byrne and Charles L. Byrne, defendants, entered into a written contract of that date under which said defendants were to purchase $15,000 of preferred stock and $10,000 of the common stock owned by J. Wylie Brown, plaintiff, in the Tri-State Tobacco & Candy Company, in which he was then sole and only stockholder.

2. On March 10, 1931, pursuant to this contract, plaintiff, Brown, turned over to defendants a check drawn on the Tri-State Tobacco & Candy Company in the First National Bank of El Paso for $472.65, payable to the corporation, closing that account. He likewise delivered to them his personal check on the State National Bank for $8,714.04, payable to the corporation for the accounts receivable of the corporation, which were under the contract to be delivered to him, and this latter check was drawn on an account in the State National Bank which Brown, plaintiff, was opening on that day by a deposit of a check which he had at the same time received from the corporation in the sum of $10,000. Contemporaneously with the delivery of the two checks by Brown to the defendants, they gave him the above-mentioned corporate check for $10,000, in payment for the common stock of the corporation in the sum of $10,000, which he at that time delivered to them. This check for $10,000 was a corporation check drawn on the corporation's account, which had been opened about March 1, 1931, in the State National Bank of El Paso. Of this $10,000 paid over out of the corporation funds to the plaintiff, $4,000 was deposited by the individual defendants personally to the credit of the corporation. At the time of receipt of these checks, as well as at the time of the receipt of a check a year later of the corporation for $1,000, in payment for the purchase of the preferred stock in the corporation, as well as at the time of another payment in 1933 of $1,000 to plaintiff's attorney out of the corporate funds in payment of the second installment of preferred stock in the corporation, the plaintiff had full knowledge of the facts and knew that corporate funds were being used and had been used for the purpose of paying him for his stock. With knowledge upon his part of this fact, he acquiesced in and consented to the manner of payment and accepted and retained the funds or the proceeds of the checks.

3. I find that under the facts as stated above, the four defendants withdrew $8,000 of the corporate funds, and that this withdrawal was participated in and with the consent and acquiescence of the plaintiff, J. Wylie Brown, who, with the four defendants, constituted the only stockholders of the corporation, and that the four defendants were at the time the only directors thereof.

4. I find that said money was applied to the purchase of corporate stock which Charles L. Byrne and James Q. Byrne, defendants, were personally obligated to purchase from the plaintiff, and that when said stock was purchased, it was divided equally between the four directors, defendants herein, and was thereafter so held by them, and that no part of the said $8,000 so withdrawn from the corporate funds has been repaid to the corporation.

5. I find that none of the defendant directors changed their position to their prejudice by reason of any act of the plaintiff, J. Wylie Brown, with the exception of such change in financial liability as the acquiescence of J. Wylie Brown, plaintiff, may have caused.

6. This suit was filed on the 18th day of September, 1933, two years, six months, and eight days after the receipt of the initial payment of $10,000.

The court concluded as a matter of law that the two years' statute of limitation was

not applicable; that plaintiff having acted with full knowledge of all the facts, knowing at the time he was receiving corporate funds, and that having accepted such funds in payment for his stock, and having consented and acquiesced in such manner of payment, and retained the money so paid, he is not entitled to recover in his suit.

## Opinion.

Appellant submits error to the court's finding that at the time of the receipt of the money appellant had full knowledge of the facts and knew that corporate funds were being used for the purpose of paying him for his stock.

We think the evidence is sufficient to sustain the court's findings of fact. It would serve no useful purpose to quote the record to sustain the finding.

■ Conceding, as we must, that the corporate funds were paid out to appellant by appellees with full knowledge on his part of the facts and conditions surrounding the payment, there being no other party than himself and the four individual appellees interested, and they owning all of the stock and being all the directors of the corporation, and no creditors whose interests could be affected, no one other than appellant complaining of the transaction, and appellant having retained for more than two years and still retains the payment made, the question is then presented whether appellant, under such condition of facts, can recover either on his own behalf or on behalf of the corporation.

Without restating the above facts we have concluded that appellant, under such facts, cannot recover. Judge Bartlett, for the New York Court of Appeals, in Wormser v. Metropolitan Street Ry. Co., 184 N. Y. 83, 76 N. E. 1036, 1038, 112 Am. St. Rep. 596, 6 Ann. Cas. 123, quotes with approval from Lord Justice Vaughn-Williams in Towers v. African Tug Co., L. R. [1 Ch. 1904] 558, in which the English Court of Appeals said: "A shareholder in a limited company who has, with full notice or knowledge of the facts, himself received part of the proceeds of an ultra vires act committed by the directors—such as payment of a dividend out of capital—and who

still retains the money, cannot, either individually or as suing on behalf of the general body of shareholders maintain an action against those directors."

Lord Justice Vaughn-Williams, in the course of his opinion, said: "If it be the fact * * * that these plaintiffs knew of all that had been done, received their dividends with knowledge of all the facts, and then brought this action with the money still in their pockets, ought they to be allowed to bring this action, which, as I have pointed out, is, to my mind, an action such as they can bring in consequence of their personal interest in the matter? I think not. I think that an action cannot be brought by an individual shareholder complaining of an act which is ultra vires if he himself has in his pocket at the time he brings the action some of the proceeds of that very ultra vires act. Nor, in my opinion, does it alter matters that he represents himself as suing on behalf of himself and others."

The Supreme Court of Alabama in Robinson v. Pebworth, 71 Ala. 240, in discussing estoppel in a case of this character, said: "[It] simply means that you shall not take the fruits of an illegal transaction, and afterwards set the transaction aside as illegal."

■ We understand the holding of the courts to be, from the many cases we have reviewed, that where there are no creditors, or otherwise, to be affected the directors of a corporation owning all of the shares of stock, by their unanimous consent, may make any disposition of the assets of the corporation they may wish. In addition to the cases from which we have already quoted, we refer to the following: Minnesota Thresher Mfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310; Alexander v. Searcy, 81 Ga. 536, 8 S. E. 630, 12 Am. St. Rep. 337; Minter v. Hawkins, 54 Tex. Civ. App. 228, 117 S. W. 172; Jorndt v. Reuter Hub & Spoke Co., 112 Mo. App. 341, 87 S. W. 29; Elder v. Western Mining Co. (D. C.) 263 F. 414; Bond et al. v. Terrell Cotton & Woolen Mfg. Co., 82 Tex. 309, 18 S. W. 691 (Tex. Com. App., affirmed by Tex. Sup.); Brooks et al. v. Zorn (Tex. Civ. App.) 24 S.W.(2d) 742.

The case is affirmed.