108 So.2d 516

Mrs. Geraldine R. DAIGLE

v.

PAN AMERICAN PRODUCTION COMPANY et al.

No. 43471.

Dec. 15, 1958.

Rehearing Denied Feb. 16, 1959.

20, Township 10 South, Range 9 West, in the Parish of Calcasieu; (2) seeking the cancellation and erasure from the records of Calcasieu Parish of an oil, gas and mineral lease affecting said land, executed on April 18, 1956, by the State Mineral Board in favor of Pan American Production Company and Austral Oil Exploration Company, Inc.; and (3) seeking a permanent injunction forever prohibiting the defendants from asserting any claim to said land or the minerals.

Plaintiff avers that though she is the owner of the subject property and the minerals thereunder, the State Mineral Board now claims that the State was never divested of its title in and to said minerals, and that said Board is now asserting ownership thereof for the State by virtue of the mineral lease executed by it against said property in favor of the named co-defendant lessees. She also avers that the mineral lessees assert title, along with the State, to said minerals with the right of exploration under said mineral lease. Plaintiff further alleges that neither she nor defendants are in possession of the land or minerals and that she is entitled to have her rights of ownership adjudicated under LSA-R.S. 13:5062 (Act No. 38 of 1908, action to establish title to real estate). In the alternative, plaintiff alleges that if it should be found that the defendants are in possession, accordingly this proceeding should be considered a petitory action.

G. Allen Kimball, James G. Boyer, Lake Charles, for plaintiff-appellant.

Jack P. F. Gremillion, Atty. Gen., Edward M. Carmouche, Special Asst. Atty. Gen., Marc Dupuy, Jr., Marksville, Ernest R. Eldred, Baton Rouge, for defendant-appellee.

SIMON, Justice.

This matter comes before us on an exception of no cause or right of action which was maintained by the district court.

On September 8, 1956, Mrs. Geraldine R. Daigle instituted this suit against Pan American Production Company, Austral Oil Exploration Company, Inc., and the State Mineral Board seeking (1) to have herself declared the true and lawful owner of certain land and the minerals or mineral rights thereunder, being Lots 11 and 14, Section

In a supplemental petition plaintiff further alleges that the aforesaid mineral lease constitutes a slander of and casts a cloud upon her title, and that she is entitled to have said lease cancelled and erased from the public records.

Exceptions of vagueness, no cause or right of action, and lack of sufficient possession of the land by plaintiff, filed by the State Mineral Board, were considered and overruled. On rehearing the lower court maintained the exception of no cause or right of action and dismissed plaintiff's suit. From this judgment plaintiff has taken a devolutive appeal.

Prior to the submission of this case to us, the defendant mineral board filed in the record a photostatic copy of a release and cancellation of the alleged offending mineral lease. This instrument formally executed by the lessees, co-defendants, expressly declared that the mineral lease in question, having expired according to its own terms because of non-payment of the delay rentals, the lessees do thereby "remise and release" the same, thus conclusively evidencing its expiration and termination. The instrument was received by and duly filed with the State Land Office, and filed for proper recordation with the Clerk of Court and Ex Officio Recorder of the Parish of Calcasieu.

The lower court, in its analysis of the pleadings, was eminently correct in holding that the nature of this suit involves either (1) a petitory action; (2) an action to try title (LSA–R.S. 13:5062) ; (3) an action in jactitation or slander of title; or (4) an action to quiet title, the latter two causes being coupled with the ancillary injunction process and the cancellation and erasure of the allegedly offending mineral lease.

Disregarding the numerical order shown above, it is well settled that a jactitation suit, or an action for slander of title, can be maintained only by one who is in actual possession as owner and only against one who is not in possession of the property, the possession of which is sought to be protected. South Louisiana Land Co. v. Riggs Cypress Co., 119 La. 193, 43 So. 1003; Labarre v. Burton-Swartz Cypress Co., 133 La. 854, 63 So. 380; Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 So. 883; Siegel v. Helis, 186 La. 506, 172 So. 768; Rudd v. Land Co., Inc., 188 La. 490, 177 So. 583; Allison v. Maroun, 193 La. 286, 190 So. 408; City of Shreveport v. Kahn, 194 La. 55, 193 So. 461. It is equally true that the only judgment that can be rendered against the defendant in a jactitation suit, unless he converts the action into a petitory action, is a judgment ordering him to assert his claim by way of a petitory action, or an action in revendication, within a fixed time, or be forever barred from asserting any rights in and to the property of which plaintiff is in possession. In such a case the title or ownership of the property, corporeal or incorpo-

real, is not an issue, and is not to be considered by the court except to the extent necessary to determine whether the plaintiff is really in possession as owner of the property. Marks v. Collier, 216 La. 1, 43 So.2d 16; Jantz v. Long Bell Petroleum Company, 229 La. 821, 86 So.2d 918.

The significant fact determinative of plaintiff's right or cause of action in jactitation or slander of title is that in Article 9 of her petiton she expressly and affirmatively alleges that "neither plaintiff or defendants are in possession of the hereinabove described property or the minerals thereunder."

■ Plaintiff having made this affirmative judicial declaration, she necessarily is without cause or right to bring an action in jactitation or slander of title.

In the action to quiet title plaintiff seeks the cancellation and erasure from the public records of the Parish of Calcasieu of the mineral lease alleged to constitute a cloud on her title, and to permanently enjoin the defendants from ever asserting any claim to the property or the minerals thereunder.

■ The action to quiet title is clearly one to remove a cloud therefrom. It is neither petitory nor possessory, nor is it one in jactitation nor one to try title under Act 38 of 1908 (LSA–R.S. 13:5062). Having no codal or statutory background, it is an innovation of our jurisprudence. In an

action to remove a cloud (contended by plaintiff to be the primary issue here) possession is not necessary in either plaintiff or defendant. A plaintiff may sue for the cancellation of a recorded deed, mineral lease or other recorded instrument which allegedly operates as a cloud on his title, and the issue of title may be determined as incidental to plaintiff's right to have the alleged cloud removed. In such an instance the relief sought is not that the defendant be ordered to disclaim title or make good the asserted title—the peculiar characteristics of an action in jactitation— but the cancellation and erasure from the public records of a recorded instrument operating as a cloud on plaintiff's title. Exchange National Bank of Shreveport v. Head, 155 La. 309, 99 So. 272; Bodcaw Lumber Co. v. Kendall, 161 La. 337, 108 So. 664; Parish of Jefferson v. Texas Co., 192 La. 934, 189 So. 580; Authement v. Weill, 197 La. 585, 2 So.2d 31; Stricker Land and Timber Co. v. Hogue, D.C., 61 F.Supp. 825; 29 Tulane Law Review, 617, 634, Note 59.

■■ The State Mineral Board was created by Act 93 of 1936 as a body corporate with the usual powers incident to corporations including the right to sue and be sued; it was also vested with authority to lease any state lands; it was given full supervision of all mineral leases awarded by the State, with the power to institute ac-

1. LSA–R.S. 30:121, 124–129.

tions to annul any such lease[1]. In other words, the State Mineral Board is designated merely the agent to supervise and handle that feature of the state's affairs, that which deals with the development and supervision of its lands for mineral purposes. In that respect the State did not and has not transferred to the State Mineral Board title to its lands and mineral rights. State v. Texas Co., 205 La. 417, 17 So.2d 569; Texas Co. v. State Mineral Board, 216 La. 742, 44 So.2d 841. In the instance where the suit is against the State Mineral Board seeking the cancellation of a mineral lease, it is not an action against the State without its consent, and the absence of such consent cannot serve to defeat the action.

■ Plaintiff has urged in brief and in oral argument that the primary purpose of the suit is to obtain the cancellation and erasure of the alleged wrongfully executed mineral lease, and which is said to constitute a cloud on her title. Manifestly, upon the expiration and voluntary cancellation of this mineral lease as aforesaid, followed by its official erasure from the public records, this feature of plaintiff's demand was completely and effectually achieved and consummated, thus making plaintiff's cause or right of action moot in that respect.

In view of the foregoing the demand of plaintiff for a permanent injunction likewise becomes moot. The alleged offending mineral lease having been duly erased and cancelled from the public records it no longer subsists or prevails in regard to the subject property. The fear and anxiety of plaintiff relative to the possibility of a future cloud being imposed by the State Mineral Board would not justify action, for we are not aware of any instance wherein a claimant may sue to remove an alleged cloud and for a permanent injunction unless there exists a recorded claim adverse to that of alleged ownership.

The remaining question to be disposed of is the right of plaintiff to establish title to real estate or the petitory action as against the State Mineral Board.

■ As observed above, a suit against the mineral board seeking the cancellation of a mineral lease granted by the board is not an action against the state without its consent, and the absence of such consent cannot serve to defeat the action, even though title to realty claimed for the state may be determined as an incident to the right of cancellation. But this principle does not apply to an action wherein the sole purpose is the determination of title and in which the cancellation of a mineral lease plays no part. As pointed out above, the mineral board does not have title to land or mineral rights, title thereto remaining in the state. The action to establish title to real estate (LSA–R.S. 13:5062) and the petitory action which plaintiff seeks to bring against the State Mineral Board, be-

ing concerned solely with the question of title to real rights claimed for the state, the state is a necessary party, and plaintiff is without legal right or cause to maintain them as against the State Mineral Board. And it follows that as a predicate to the filing of such a suit, the authorization of the state to be sued must be obtained.

For the reasons assigned, the judgment appealed from maintaining the exception of no cause of action and dismissing plaintiff's suit is affirmed. All costs to be borne by plaintiff.

HAWTHORNE, J., absent.

108 So.2d 520