173 So.2d 329 (1965)
GIUFFRIA REALTY COMPANY, Inc.
v.
KATHMAN-LANDRY, INC., et al.
No. 1672.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
*331 Charles E. Richards, New Orleans, for plaintiff-appellant.
Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Gordon O. Ewin, B. Lloyd Magruder, New Orleans, for defendant-appellee, Mrs. Elma Landry Bendernagel.
Sydney J. Parlongue, New Orleans, for defendant-appellee, Kathman-Landry, Inc.
Before SAMUEL, CHASEZ and HALL, JJ.
CHASEZ, Judge.
Plaintiff brought this action styled as an "Action to remove cloud from title" against Mrs. Elma Landry Bendernagel, Mr. Edmond J. Bendernagel, Kathman-Landry, Inc., and Mr. Salvador Giuffria. Exceptions of vagueness, non-joinder of necessary parties and prescription of 5, 10 and 30 years, were filed by the defendant, Kathman-Landry. Defendant, Edmond J. Bendernagel, filed an exception of no right of action based on the fact that his wife acquired the property as her separate property. Mrs. Elma Landry Bendernagel urged exceptions of prescription of 5, 10 and 30 years, no cause of action based on estoppel, and that an action to remove cloud from title does not lie to remove one's own deed from the public records. The trial court upheld Mr. Bendernagel's exception of no right of action, in which the plaintiff acquiesced. It maintained the exceptions filed by Kathman-Landry and Mrs. Bendernagel of 5 and 10 years prescription. Salvador Giuffria did not make an appearance. Plaintiff appeals from this judgment.
Briefly, the transactions which give rise to this litigation are as follows:
On May 26, 1927, the Giuffria Realty Company, appearing through its President, Anthony Giuffria, by virtue of a resolution of the Board of Directors, transferred certain property to Salvador Giuffria for the stated consideration of $74,000.00. The property is the subject matter of this suit. Approximately a year later, i. e., on April 9, 1928, an act of correction was executed and recorded in the Jefferson Parish records. The parties to that act were Giuffria Realty Company, appearing through Anthony Giuffria, its President, by resolution of its Board of Directors, dated April 7, 1928; and Eugene Giuffria and Salvador Giuffria, appearing in their own right. The act, in part, follows:
"Which said appearers declared that by two acts of sale before the undersigned Notary Public, each bearing date May 26, 1927, your appearer firstly named sold to Salvator Giuffria certain property described in said act of sale, and to Eugene Giuffria, certain other property described in sale act; which said acts of sale are recorded in C.O.B. 86, folio 277 and C.O.B. 86, folio 284, respectively, Parish of Jefferson, State of Louisiana.
"That the sale by the Giuffria Realty Company to Salvator Giuffria was made for a purported cash consideration of $74,000.00, and the sale by the Giuffria Realty Company Inc., to Eugene Giuffria was made for a purported cash consideration of $29,000.00. That said sales were made in said form *332 for a matter of convenience only, that in truth and in fact no cash consideration was paid by either the said Salvator Giuffria or Eugene Giuffria, and that the said sales were made for the purpose of effecting a partition.
"That the said Salvator Giuffria and Eugene Giuffria with Anthony Giuffria were the sole stockholders of the Giuffria Realty Company Inc., which corporation was the sole owner of certain real property situated in the Parish of Jefferson, State of Louisiana, constituting what is commonly known as Pointe Vista Subdivision, as designated on a map of Adloe Orr, Civil Engineer, dated November 8, 1925, all of which said property is on the east bank of the Mississippi River.
"That they transferred their respective interests in said corporation to the said Anthony Giuffria, and received in return therefor the property described in said acts of sale, but, as stated before, they paid no cash for said property.
"That in fixing the cash price same was through inadvertence made excessive; that in truth and fact the entire Pointe Vista Subdivision was owned by the said Giuffria Realty Company, and in which corporation the interest of Salvator Giuffria was fixed at 5/12ths of the whole, and the interest of Eugene Giuffria fixed at 2/12ths of the whole, and the entire property was purchased in the year 1925 for $43,500.00, and that the property had not enhanced in value at the time of the said acts of sale by the Giuffria Realty Company Inc., to Eugene Giuffria and Salvator Giuffria respectively, passed before the undersigned Notary Public, and that, therefore, the sale to Eugene Giuffria should have been for $7250.00, in lieu of $29,000.00, and the sale to Salvator Giuffra should have been for $18,125.00 in lieu of $74,000.00.
"Appearers further declare that the object and purpose of this declaration is to correct the consideration set forth in the sale by the Giuffria Realty Company Inc., to Eugene Giuffria, and the sale by the Giuffria Realty Company Inc., to Salvator Giuffria, passed before the undersigned Notary Public on May 26, 1927, and recorded in C.O.B. 86, folio 284 and C.O.B. 86, folio 277 respectively, Parish of Jefferson, State of Louisiana."
Salvador Giuffria transferred the property involved herein to Kathman-Landry, Inc., on July 8, 1947. Subsequently, on November 5, 1954, an act of exchange was entered into between Kathman-Landry, Inc., and Mrs. Elma Landry Bendernagel by which Mrs. Bendernagel acquired the property in question.
The petition, as heretofore stated, is styled as an "Action to remove cloud from title." It alleges that plaintiff is the legal owner of the property in question by virtue of a deed in which it acquired the property from Salvador J. Giuffria in 1926; that the plaintiff assumed actual, physical, corporeal and civil possession of the property in 1926, and that the petitioner continued in the civil possession of the property in 1926, and that the petitioner continued in the civil possession of this property up to the date of the filing of the petition. It alleges that the act transferring the property from plaintiff to Salvador Giuffria in 1927, and the act of correction filed in 1928, constitute a cloud on plaintiff's title; that the two acts when considered together are a mere agreement for convenience and did not convey title for: 1) no valid sale occurred for no price was received by plaintiff; 2) the acts did not constitute a liquidating dividend for such dividend was not authorized by the stockholders of the plaintiff and 3) the acts did not constitute a partition of a corporation for such procedure is not authorized or recognized by the laws of Louisiana. It further alleges that the *333 defendants, Kathman-Landry, Inc., Mrs. Elma Landry Bendernagel and Salvador Giuffria have caused two other notarial acts (the sale to Kathman-Landry, Inc., and exchange between Kathman-Landry, Inc., and Mrs. Bendernagel) to be recorded in the conveyance records which also constitute a cloud on the title of plaintiff; it alleges that these acts can have no legal effect against the property in question because the grantors therein had no property rights in the property. It admits that since 1927, other parties have been paying ad valorem taxes on the property and it is willing to reimburse those parties for all taxes paid by them. Its prayer asks for the following relief:
1. Ordering the cancellation and erasure from the conveyance records of Jefferson Parish the four notarial acts hereinabove referred to.
2. Decreeing that the four notarial acts have no legal effect to convey the title to the property in question.
3. Confirming and quieting the title of the petitioner as superior to that of the defendant's, and confirming his possession of the property.
The issues presented in this case are: 1) whether the petitioner correctly alleges an action to remove cloud from title; 2) whether the prescription of 5, 10 and/or 30 years applies to this action.
Plaintiff in its prayer asks that the original act of sale which it executed to Salvador Giuffria and the act of correction relating to that sale be cancelled. It also asks that the two notarial acts conveying ownership of the property to defendants, Kathman-Landry, Inc., and Mrs. Bendernagel be cancelled and erased from the records. It contends that these four acts constitute a cloud on its title. In effect plaintiff is asking the Court to decree nullity of its own deed or decree a recision of the 1927 sale to Salvador Giuffria. It contends that the case of Walmsley v. Pan American Petroleum Corporation, 244 La. 513, 153 So.2d 375 (1963), has broadened the action to remove a cloud from title to allow it to utilize it in this situation. In Walmsley the plaintiff wished to cancel a mineral lease which had been recorded by the defendants. The question was had plaintiff alleged a petitory action? The Court stated that the petition did not in any manner put the title of anyone at issue. In this case if we were to nullify the sale made by plaintiff to Salvador Giuffria, we would be in effect recognizing plaintiff's ownership of the property. We do not think that Walmsley broadens the action to remove a cloud from title to allow its use to rescind or nullify one's own deed. Walmsley clearly did not involve such a situation and plaintiff has cited us to no cases which would allow the action to be so used. The action to remove cloud from title is, generally speaking, brought by a person who claims ownership of immovable property against another who has recorded an instrument which operates as a cloud on plaintiff's title to obtain a judgment cancelling the recorded instrument from the public records. See Daigle v. Pan American Production Company, 236 La. 578, 108 So.2d 516 (1958). We do not think that the use of the action is proper where plaintiff seeks to attack a title that it itself has established.
However, plaintiff contends that the nullity of the acts that it executed which conveyed ownership to Salvador Giuffria is self-proving. The act of sale itself is valid in form. The act of correction taken with the act of sale casts doubt and gives rise to ambiguity relative to the transaction but we are of the opinion that the nullity is certainly not self-proving. This nullity must be judicially decreed. Thus plaintiff's petition will be considered an action to nullify its deed or rescind the sale.
Since this case is before us on an exception, we must consider the allegations of the petition as true. Plaintiff has attached to his petition the act of sale of May 26, 1927, and the act of correction of *334 April 9, 1928. Therefore, we shall also consider the facts and recitals therein as true. See LSA-C.C. art. 2236. The prescription to apply to a cause of action is determined by the nature of the action. Herein, since the action is one of nullity or recision, the 10 year prescription of LSA-C.C. art. 2221 would apply. In the case of Fried v. Bradley, 219 La. 59, 52 So.2d 247 (1950), a petitory action was instituted based on the nullity of a deed executed by executors of a succession. The Supreme Court held that the prescription of 10 years provided by LSA-C.C. art. 2221 applied and barried the action. The theory of this article is that after 10 years the act, if not attacked, is ratified. However, the prescription will not apply if the deed is an absolute nullity. In this case plaintiff contends that the deed is an absolute nullity contrary to public order and good morals because the act of correction clearly shows that the corporation received no consideration.
In a case where a deed or an act of sale is executed and no consideration is stated in the act of sale, the act of sale is not considered void. Since consideration is not recited it is presumed that valid consideration was given. See LSA-C.C. art. 1894; Barnes v. Barnes, 155 La. 981, 99 So. 719 (1924). In this case, however, the act of sale recites valid consideration but the act of correction states that no cash consideration (which is recited in the deed and in the act of correction) was given. Plaintiff contends that the act then can not be a valid sale and is absolutely null, thus prescription would not apply.
We do not believe that the recital in the act of correction would nullify the whole transaction for if it is not a sale for lack of a price in current money (LSA-C.C. art. 2439) the transaction may exist in another form, i. e., exchange, donation, third-party beneficiary contract, etc. The test to be applied then is was there valid cause for the transaction (LSA-C.C. arts. 1894 and 1900), Wolf v. Wolf, 12 La.Ann. 529 (1857).
We believe that the reality of the transaction is the crux of the situation. Considering the contents of the notarial act as true for the purpose of this exception and under LSA-C.C. art. 2236, we believe that the corporation received consideration. At the time of the transaction the three brothers, Anthony, Salvador and Eugene Giuffria, were the sole shareholders of the plaintiff-corporation. The corporation was the sole owner of property, part of which is involved in this case. Apparently it was decided among the brothers that the corporation would be divested of the property and each brother would take his respective interest in the corporation in land. Anthony Giuffria decided that he would hold his property through the entity of the plaintiff-corporation. Therefore, the property was divided into three tracts and the corporation conveyed a tract to each of the two brothers, and the two brothers in turn conveyed to Anthony Giuffria, (the sole remaining stockholder of the corporation) all of the stock they held in the corporation. However, in truth and in fact, Anthony Giuffria became the sole stockholder of the corporation with his virile share of the property held through the corporation. While the corporation is a separate entity, distinct from its shareholders, nevertheless, in the interest of justice and under some circumstances, the corporate form may be disregarded. In this case we think we have such a situation.
The general rule is that the corporate entity will be disregarded when it is necessary to promote justice or avoid inequitable results. Mayo v. Pioneer Bank & Trust Co., 274 F.2d 320 (5th Cir.); Keller v. Haas, 202 La. 486, 12 So.2d 238; Shamrock Oil & Gas Co. v. Ethridge, D. C., 159 F.Supp. 693; Minifie v. Rowley, 187 Cal. 481, 202 P. 673; Erkenbrecher v. Grant, 187 Cal. 7, 200 P. 641; Home Fire Ins. Co. v. Barber, 67 Neb. 644, 93 N.W. 1024; People v. Clauson, Cal.App., 41 Cal. Rptr. 691, 693. See also "The Incorporated Individual: A Study of the One-Man Company," *335 51 Harv.L.Rev. 1373, 1402; Lattin on Corporations § 4, p. 67.
Where there are no creditors to be affected, directors of a corporation owning all of the shares of stock, by their unanimous consent may make any disposition of the corporate assets that they may wish. See Brown v. Byrne, Tex.Civ.App., 75 S.W.2d 484 and the cases cited therein; 2 Fletcher's Cyclopedia of Corporations, § 546, p. 606; 19 C.J.S. Corporations § 768, p. 125.
The net result of the transaction herein is the same that would have followed a dissolution of the corporation or a return of its assets to some of the stockholders in return for their stock. The only difference is that one of the stockholders, desiring to continue operating through the corporate entity, retained the entity as a sole shareholder. Therefore, the plea of lack of consideration to the corporation fails. The transaction had a valid cause under LSA-C.C. art. 1893 et seq., especially LSA-C.C. art. 1900. The sale and act of correction is not an absolute nullity. In this case the prescription of 10 years would apply and the action is prescribed.
As far as plaintiff's other two contentions are concerned, (the notarial acts were not a liquidating dividend and/or not a partition of the corporation), we think that these would make the act merely relatively null and, again, the 10 year prescription would apply.
Plaintiff has stated in its brief that it would have brought a petitory action if it thought the action to remove a cloud from title would have no application. However, under Fried v. Bradley, supra, the action would still be prescribed. As we are of the opinion that the prescription of 5, 10, as well as 30 years apply herein, the judgment of the lower court is affirmed. All costs to be borne by plaintiff.
Affirmed.