Jean TARDAN and Roger Tardan, et al.,
Plaintiffs-Appellants,

v.

CHEVRON OIL COMPANY (The California Company Division) and State Mineral Board of the State of Louisiana,
Defendants-Appellees.

No. 71-3027.

United States Court of Appeals,
Fifth Circuit.

July 5, 1972.

Amos L. Ponder, Jr., Cyril F. Dumaine, New Orleans, La., for plaintiffs-appellants.

John L. Madden, Baton Rouge, La., Jack P. F. Gremillion, Baton Rouge, La., for State Mineral Board, appellee.

Lawrence K. Benson, John C. Christian, Lawrence K. Benson, Jr., New Orleans, La., for Chevron Oil Co., appellee.

Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.

GEWIN, Circuit Judge:

The opinion of the district court, 332 F.Supp. 304 (E.D.La.1971) fully and correctly sets forth the facts of this case and provides sound reasons for the results reached. We summarize the facts here and comment further only to explain our affirmance. The district court did leave unanswered the question why it dismissed the action as to one of the parties. The decision is incomplete without that answer and its absence requires the case to be remanded. Accordingly we affirm in part and remand.

Jean Tardan and other heirs of Jules Lapene, appellants, seek in this diversity action to remove a cloud on their alleged title created by virtue of oil, gas, and mineral leases granted by appellee, Louisiana State Mineral Board (Mineral Board), in favor of Chevron Oil Company (Chevron), also an appellee. The leases granted by the Mineral Board included the property allegedly owned by appellants as heirs of Jules Lapene. The district court granted appellees' motion to dismiss on the ground that a suit against the Mineral Board was an unauthorized suit against the State of Louisiana in violation of the eleventh amendment of the United States Constitution. In reaching its decision the court also held that the State of Louisiana was not an indispensable party. That finding is not contested on appeal.

Appellants raise two major issues: (1) whether the Louisiana State Mineral Board is suable in a federal court, and (2) whether the suit was properly dismissed as to Chevron.

We begin discussion of appellants' first claim by clarifying a point which was somewhat obscured during the briefing and argument stages of this appeal. As the district court emphasized, the Mineral Board may only be sued in federal court if it is an entity wholly separate from the state.[1] That is true because the Louisiana Constitution explicitly provides that legislative consent to suit is limited to suits in Louisiana state courts.[2]

While in our view the district court's reported opinion adequately disposes of appellants' first claim, we think it desirable to emphasize our position on this point. In Louisiana Land and Exploration Co. v. State Mineral Board,[3] this court explicitly held that the Louisiana Mineral Board is a mere agent or arm of the state. Writing for the court, Judge Borah stated:

> [T]he fact that the legislature chose to call it a corporation does not alter the Board's characteristics so as to make it something other than what it actually is, a mere agent of the State. Accordingly, it is clear that when the Board sues or is sued, it appears in court as an agent of its principal, the State. We, therefore, are of the opinion that this suit against the State Mineral Board, a mere agency or arm of the State, is in effect, a suit against the 'State which may not be sued by a citizen of another state un-

der the Eleventh Amendment to the Constitution of the United States.[4]

■ Judge Borah was a former Louisiana practitioner as was the district judge in this case before being appointed to a federal district judgeship in that state. Although we certainly do not base our decision in this case solely upon the expertise of other judges merely because complex questions of state law are involved, their personal acquaintance with the state law is a factor which weighs in favor of their conclusion as to state law.[5] Such consideration is particularly appropriate where as here the state law is unclear and ambiguous.[6]

■ We are in full agreement with the district court that later cases relied upon by appellants for the proposition that Louisiana law has changed since Judge Borah's decision are insufficient to cause us to overrule or erode that decision. The district court's opinion clearly expresses our view:

> This Court, however, is not disposed to deviate from the holding of the Fifth Circuit in the Louisiana Land case. This Court has examined the Daigle [v. Pan American Co., 236 La. 578, 108 So.2d 516] and Walmsley [v. Pan American Petroleum Corp., 244 La. 513, 153 So.2d 375] holdings and does not feel that they warrant a departure by this Court from Judge Borah's earlier opinion. To be sure,

1. Tardan v. Chevron Oil Co., 332 F.Supp. 304, 308 (E.D.La.1971). See generally Aerojet-General Corp. v. Askew, 453 F.2d 819, 829–830 (5th Cir. 1972).

2. La.Stat.Annot., La.Const. Art. III, § 35, amended Acts 1960, No. 621:

   Section 35. The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; . . . No suit authorized under this constitutional provision shall •

be instituted in any court other than a Louisiana State court.

3. 229 F.2d 5 (5th Cir. 1956).

4. Id. at 8.

5. See Petersen v. Klos, 433 F.2d 911, 912 (5th Cir. 1970); Freeman v. Continental Gin Co., 381 F.2d 459, 466 (5th Cir. 1967); C. Wright, Federal Courts § 58, at 240 (2d ed. 1970).

6. The difficulty in determining the state law in this case is illustrated by the fact that another federal district judge, sitting in Louisiana in a similar case with the same precedent before it as the district judge in this case, reached an opposite conclusion. Kuchenig v. The Calif. Co., 233 F.Supp. 389 (E.D.La.1964).

the Louisiana courts have permitted an action to be brought against the State Mineral Board. However, such decisions do not necessarily reflect on the basic structure of the State Mineral Board, especially with regard to whether or not the Board is entirely separate from the State. As stated by the Fifth Circuit, " * * * the fact that the legislature chose to call it a corporation does not alter the [State Mineral] Board's characteristics so as to make it something other than what it actually is, a mere agent of the State". In examining state court decisions on the State Mineral Board, questions regarding the separate nature of the Mineral Board are generally subservient to and subsumed by questions regarding the suability *per se* of the Mineral Board. There has not been the necessity for state courts to distinguish between the Board's being a separate entity from the state and the Board's being an arm of the state. In both situations, suits are permissible in the Louisiana courts.

This Court is unwilling to accept the notion that the State Mineral Board is a separate body from the State in the absence of more emphatic state pronouncements in this area.[7]

For the reasons stated herein and those set forth in the district court's opinion, its decision that the Louisiana Mineral Board is not suable in the federal court is affirmed. Dismissal of the action as to the Mineral Board was proper.

▮ Appellants' second contention is that dismissal as to Chevron was erroneous. The order of the district court dismissing the action failed to specify why the suit was dismissed as to the private defendant Chevron. The district court found that the State of Louisiana is not an indispensable party. That finding was based upon the ability of the Mineral Board to properly represent the State's interests. But the district court also found, and we agree, that the

Mineral Board is merely an arm of the State and may not be sued in federal court. Thus, it could be argued that on its face the district court's opinion holds the Mineral Board not to be an indispensable party and hence the action against Chevron should continue.

The district court apparently reasoned that in the absence of the Mineral Board the State itself would be indispensable and the suit should be dismissed. However, no such ruling has been made by the district court. Without such a finding or some other basis for dismissal of which we are unaware, we are unable to affirm the dismissal as to Chevron on the record before us. We therefore remand the case to the district court for consideration of the question whether the case must be dismissed as to Chevron. The court should state fully its reasons for whatever result it reaches.

Affirmed in part and remanded in part.

7. 332 F.Supp. at 308.   (footnotes omitted).