287 So.2d 620 (1973)
Joseph W. PEPPER, Jr., Plaintiff-Appellee,
v.
The PYRAMID OIL & GAS CORPORATION et al., Defendants-Appellants.
No. 4377.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
Rehearing Denied January 21, 1974.
*621 Ray Carlton Muirhead, Houston, Tex., for defendants-appellants.
Edwards, Stefanski & Barousse, by Nolan J. Edwards, Crowley, for plaintiff-appellee.
Bernard E. Beyt, O.C.S., Davidson, Meaux, Onebane & Donohoe by L. E. Donohoe, Jr., Lafayette, Shelton & Cline by Thomas Robert Shelton, Rayne, for defendants-appellees.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
FRUGE, Judge.
This action arose out of a suit instituted by Joseph W. Pepper, Jr., plaintiff, against Pyramid Oil & Gas Corporation et al., defendants, in which the cancellation of an oil, gas, and mineral lease, as well as damages and attorney's fees, were sought. After a trial on the merits, the plaintiff was awarded a cancellation of the lease as to a 2-acre tract in question. Damages and attorney's fees were also awarded on the ground that defendant's lease had clouded the plaintiff's title as to this 2-acre tract and thereby precluded plaintiff's profitable usage thereof. We reverse.
A chronological listing of the pertinent transactions involved is set out in the following, inasmuch as these facts and circumstances have been found to be determinative of the issues involved on this appeal.
On August 19, 1963, Horace Meche did transfer by deed of sale the following property to Joseph William Pepper, Jr.:
The Eastern 96 feet between parallel lines of the following described property, to-wit:
That certain tract or parcel of land containing ten (10) acres, more or less, situated in Section 37, Township 10 South, Range 2 East, Lafayette Parish, Louisiana, bounded now or formerly on the North by lands of Chris Birg Estate; South by lands of Oran Birg; West by lands of Oran Birg and East by lands of Willie Clement Estate and Isaac Bendel Estate.
On the date of August 10, 1966, the same Horace Meche granted an oil, gas, and mineral lease in favor of M. R. Maloney, which applied to the following described land:
A certain tract of land containing 11 acres, more or less; lying and being situated in irregular Section 37 and possibly irregular Section 2, Township 10 South, Range 2 East, and being bounded now or formerly as follows: On the North by property of Michael Birg et al and/or Public Road; on the East by property of Joseph W. Pepper, Jr. and on the South and West by property of Oran Birg.
*622 On the date of August 16, 1966, M. R. Maloney executed a full and complete assignment to Bradco Oil & Gas Company of his interest in the oil, gas, and mineral lease described in the lease executed on August 10, 1966, aforementioned.
On the date of September 22, 1966, a deed of sale was executed by vendors, Horace Meche and Raymond Meche, whereby the following described property was transferred in full to the vendees, Joseph William Pepper, Jr., and his wife, Helen Istre Pepper:
That certain tract or pracel of ground containing Eleven (11) acres more or less lying and being situated in Irregular Section Thirty-Seven (37) and possibly Irregular Section Two (2), Township Ten (10) South, Range Two (2) East, Lafayette Parish, Louisiana and bounded now or formerly on the North by the property of Michael Birg, et al and/or Public Road; on the East by property of Joseph W. Pepper, Jr.; and on the South and West by property of Oran Birg; less and except two (2) acres more or less sold to Joseph William Pepper, Jr. . . . . .
On April 8, 1970, an "assignment" entailing the same aforedescribed oil, gas, and mineral lease was made to Pyramid Oil & Gas Corporation. It is here noted that this "assignment" was not a true assignment in the legal sense, and the "assignor" expressly reserved an overriding royalty interest in the assigned lease.
Subsequent to April 8, 1970, various other transfers of mineral interests under the aforementioned lease were made and denominated as "assignments." However, they were made subject to the reservation of royalty interests in favor of the "assignors."
Plaintiff's initial suit was filed against the Pyramid Oil & Gas Corporation, but was amended to include certain parties alleged indispensable to a complete adjudication of the issues involved. Parties joined as indispensable were as follows:
Bradco Oil & Gas Company;
Patrick W. Brady;
J. T. Trotter;
W. H. Skipwith, Jr.;
Paul M. Toce;
Hall M. Lyons;
George R. White;
Southwest Oil Industries, Inc.;
Jolie E. Shelton, wife of Thomas Robert Shelton;
Sherran L. Cline, wife of Robert T. Cline;
Lizzie Chiasson Kahn, wife of Arnold Kahn;
Marjorie L. Kahn, wife of Alfred E. Kahn.
After a trial on the merits, the lower court rendered judgment against Bradco Oil & Gas Company and maintained an exception of no cause or right of action as to all other parties joined as indispensable as set out in the previous paragraph. This exception was correctly maintained by the trial court in view of the true nature of the interests transferred. It has long been the law that transfers though labelled as "assignments," are considered in law to be subleases where the lessor has retained an interest in the lease. The reservation of an overriding royalty is, of itself, sufficient to stamp the transfer as a sublease. Berman v. Brown, 224 La. 619, 70 So.2d 433 (1953).
We concur with the lower court in its finding that "A review of the facts of the present case indicates that the only complete assignment was that from M. R. Maloney to Bradco Oil Co. on August 16, 1966. All of the rest of the transfers, though denominated assignments, were in legal effect subleases since overriding royalties were reserved by the transferors in each instrument." (Trial court's written reasons, page 4.)
*623 We also agree that "A lessor can not maintain an action against a sublessee upon any covenant contained in the lease since there is no privity of estate nor of contract between them." Berman v. Brown, supra. Therefore, the exception of no cause or right of action is well founded except as to Bradco Oil & Gas Corp.
Defendant-appellant, Bradco Oil & Gas Company (subsequently referred to as Bradco), has sought a reversal of the trial court's judgment insofar as it ordered a cancellation of the lease over the 2-acre tract in question, as to the awarding of damages in the amount of 2/11ths of the delay rental payments made over the period of five years, and as to the award of attorney's fees in the amount of $300.00. No appeal has been perfected from that portion of the judgment maintaining the exception of no cause or right of action against the indispensable parties previously set out heretofore.
Bradco has asserted as grounds for a reversal that the two-acre tract was never included in the property actually leased, and such being the case, no cloud was cast upon plaintiff's title; therefore, no damages or attorney's fees are owed. The appellant's position is founded upon and well substantiated by the property descriptions set out in the sale as well as the leases which are set out above and which transpired prior to the commencement of this litigation. It is noted from the foregoing that Horace Meche sold the 2-acre tract in question to Joseph W. Pepper, Jr., in 1963. The sale was recorded and, therefore, a matter of public record prior to the date when M. R. Maloney took the lease from Meche in 1966. From the description of the property contained in the lease, and the description included in the prior act of sale, it is manifest that the 2-acre tract was never included in nor made a part of the described property actually subject to the lease granted in favor of Maloney.
As aforestated, plaintiff's action was instituted for the purpose of collecting delay rentals (in the form of damages), alleged to have been improperly paid to the prior owner, Horace Meche. Sufficient evidence was presented at the trial of this matter from which it was determined that plaintiff had not complied with the notice provisions of the lease. Therefore, the lessee, Bradco, had properly paid Mr. Meche and no delay rentals were found owing in regard to the acreage acquired by plaintiff by deed of sale of September 22, 1966.
In regard to cancellation of the lease as to the 2-acre tract, the following excerpt from Daigle v. Pan American Production Company, 236 La. 578, 108 So.2d 516, 518 (1958), is found appropriate.
"A plaintiff may sue for the cancellation of a recorded deed, mineral lease or other recorded instrument which allegedly operates as a cloud on his title the relief sought is. . . the cancellation and erasure from the public records of a recorded instrument operating as a cloud on plaintiff's title."
In the case of Authement v. Weill, 197 La. 585, 2 So.2d 31, (1941), the plaintiff instituted suit to have an instrument cancelled from the public records as constituting a cloud on his title. Plaintiff asserted:
". . . . the existence of the instrument on the public records constituted a cloud upon his title which prevented plaintiff from enjoying, as owner, the benefit of the mineral development of his property . . . ."
Research has revealed that cases in our jurisprudence involving a "cloud upon title" dealt with instruments which affected the same land or described property. Insight into what constitutes a "cloud" on title is provided by the following:
65 Am.Jur.2d Quieting Title, § 9 (1972)
"It may broadly be stated that a cloud on title is an outstanding instrument, record, claim, or encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to property."
*624 74 C.J.S. Quieting Title, § 12 (1951)
"It is something which constitutes an apparent encumbrance on the title or an apparent defect in it; some claim which is apparently valid but which is actually invalid; a semblance of title which is, in fact, unfounded and which casts a doubt on the validity of the record title; something which shows prima facie some right of a third person either to the whole or some interest in the title."
From a reading of correspondence of record in this action, we have found no evidence upon which to base a finding that the defendant, Bradco Oil & Gas Company, ever acknowledged the existence of a lease over the 2-acre tract in question. Furthermore, it is recognized that the defendant corporation did nothing more than assert the validity of the lease which they had received by way of legal assignment from M. R. Maloney. Insofar as Bradco's lease never included the 2-acre tract, it could not have constituted a cloud upon the plaintiff's title. Therefore, we are compelled to find that the award of damages rendered in favor of the plaintiff in the lower court was in error.
In summary, factors which have been relied upon by this court are as follows. The sale by Meche to Pepper in 1963 was of public record at the time that the subsequent lease to M. R. Maloney was executed. The sale described the property transferred in particular detail. The lease to Maloney was also made with the property subject to the lease properly described, and included the pertinent boundaries which fully disclosed that the eastern boundary was that of Joseph W. Pepper, Jr. The subsequent sale of September 22, 1966, lends further credence to this position, as it specifically excludes the two acres belonging to Joseph W. Pepper which had previously been transferred, in the year 1963, to this same vendee. We conclude that the 2-acre tract was not included in the lease granted in the year 1966 and was, therefore, always subject to the use of its record owner.
Our conclusion is in conformity with the true intentions of the parties and in accordance with the words of the lease contract, these being clear and explicit and leading to no absurd consequences. La. Civil Code Art. 1945. Having made the aforesaid determinations in favor of the appellant, we are also constrained to reverse the award of the lower court as to the attorney's fees in favor of the plaintiff's attorney.
We note that the lower court's judgment did not cancel the lease as to the remaining 9-acre tract. However, testimony of appellee's counsel has brought to our attention that the lease should have expired in the month of August, 1971, by its own terms. A review of the lease in question has revealed that through some inadvertence or error, the actual lease on file was not xeroxed or copied in full. The lease introduced into the lower court which became of record is not complete and omits the provisions as to the primary term involved. We conclude that in the interest of justice, a remand of this case solely on this issue should be ordered to enable the lower court to review the lease in its correct form and make a judicial determination thereon as to the validity of the lease at the present time.
For the above and foregoing reasons, this case is hereby remanded to the trial court to be proceeded with in accordance with the views herein expressed. Appellee is to pay all costs.
Reversed and remanded.
DOMENGEAUX, J., concurs in decree.