| HARRIER ENTERPRISES, LLC | * | NO. 2019-CA-0613 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| MICHAEL IMBORNONE; DAVID A. WELCH AND THE CITY OF NEW ORLEANS, DEPARTMENT OF FINANCE, BUREAU OF TREASURY, NORMAN FOSTER, DIRECTOR | * | STATE OF LOUISIANA |
| | * | |
| | * | |
| | * * * * * * * | |

**CHASE, J., CONCURS**

I write separately to address two issues. First, Harrier's argument that the tax sale satisfies all liens and statutory impositions, as to the property only, assessed prior to the recordation of the tax sale certificate because the liens were assessed by the City, i.e. the same political subdivision that conducted the tax sale.[1] Second, the constitutional and statutory provisions to which we must adhere create a juxtaposition, which should be rectified by the legislature.

Harrier premises its argument on La. R.S. 47:2160 which provides that "[t]ax sale title to property shall not affect, invalidate, or extinguish the claim of another political subdivision for the taxes due on the property that were not included in the bid price." Harrier maintains the wording of the statute creates an inference that if the statutory impositions of "other political subdivisions" are not extinguished, it follows that taxes and liens prior to the tax sale by the *selling* political subdivision, the City, are extinguished as to the property (and, by extension, Harrier as the current owner of the property). Harrier supports this inference with the plain text of La. R.S. 47:2157(E) in that a title quieted under La. R.S. 47:2160 should result in the same "cancellation … of all statutory impositions

---

[1] While Harrier points out it chose to quiet title by filing suit pursuant to La. R.S. 47:226(A)(1) rather than by the affidavit procedure of La. R.S. 47:2157; it overtly relies on the latter statute to support its argument and concedes that La. R.S. 47:2157 should be read in *pari materia* with La. R.S. 47:2160.

due and owing to the political subdivision prior to the recordation of the tax sale certificate, and of all interests, liens, mortgages, privileges, and other encumbrances recorded against the property."[2]  Thus, the 2012 property taxes which were not included in the 2016 tax sale, were extinguished as to the property regardless of whether they were actually satisfied in the purchase price.[3]  Harrier's argument implies there is no violation of La. Const. Art. VII, § 16 as the 2012 property taxes are not completely extinguished.  I disagree.

It is well settled that "taxes levied on real property are a charge laid exclusively upon the property assessed, and collectible only out of said property." *Mooring Tax Asset Group, L.L.C. v. James*, 2014-0109, p. 12 (La. 12/9/14), 156 So.3d 1143, 1151 (citation omitted).  Ad valorem taxes cannot exist in a vacuum separate from the property to which they were assessed.[4]  To that extent, I agree with the majority's conclusion that the 2008 Revision Comment to La. R.S. 47:2157(E) reflects the legislature's intent was to eliminate only those prior encumbrances that were actually satisfied through the proceeds of the tax sale.  *See* La. Const. art. VII, § 16; (real property taxes do no prescribe); *Louisiana Federation of Teachers v. State*, 2014-0691, p. 13 (La. 10/15/14), 171 So.3d 835, 845 (courts must construe statutes so as to preserve their constitutionality when it is reasonable to do so).

The majority opinion highlights the juxtaposition created by the statute and the practicality of returning property to commerce.  As we observed in *Bilbe v.*

---

[2] Harrier derives the "only insofar as [the impositions] affect the property" qualification from La. R.S. 47:2157(F).

[3] In further support, Harrier submits that La. R.S. 47:2161(A) only requires a tax sale purchaser to pay property tax assessed subsequent to the date of the filing of the tax sale certificate.

[4] Similarly, a court cannot quiet title to property without necessarily ruling any and all recorded ad valorem taxes are cancelled and erased. *See Daigle v. Pan Am. Production Co.*, 236 La. 578, 585-86, 108 So.2d 516, 518-19 (La. 1958); *Giuffria Realty Co. v. Kathman-Landry, Inc.*, 173 So.2d 329, 333 (La.App. 4th Cir. 1965); *Papworth v. Truxton Corp.*, 357 So.2d 1198, 1201-02 (La.App. 4th Cir. 1978).

*Foster*, real property taxes do not prescribe and the right to proceed to a tax sale expires in three years. 2015-0302, pp. 7-8 (La.App. 4 Cir. 9/9/15), 176 So.3d 542, 547 (citing La. Const. art. VII, § 16 and La. R.S. 47:2131). However, our Supreme Court has held that "Article VII, § 25(A) of the Louisiana Constitution prohibits methods or proceedings other than tax sales to collect delinquent ad valorem property taxes." *Fransen v. City of New Orleans*, 2008-0076, p. 25 (La. 7/1/08), 988 So.2d 225, 242. The practical result is an imprescriptible yet uncollectable tax debt on the property. This presents a public policy issue wherein blighted properties are effectively removed from commerce for lack of merchantable title.[5] How, or even *whether*, the City may collect such tax debt is beyond the scope of this appeal. It is an exigency best solved by our state legislature – rewriting statutes is not the role of the courts. *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921, p. 20 (La. 5/5/15), 169 So.3d 328, 340.

---

[5] As Harrier points out, this result frustrates the purpose of the Tax Sale statutes which were enacted to "[e]ncourage the return to commerce of tax sale and adjudicated properties" and allow purchasers to "acquire merchantable title to those properties." La. R.S. 47:2121(A)(5).