### ROMINE, et al v. CRAMER, et ux.

#### No. 15-272.

Circuit Court, Monroe County.

December 8, 1958.

Ralph E. Cunningham, Marathon, and Richard W. Ervin, Attorney General, Tallahassee, for plaintiffs.

John G. Simms, Homestead, for defendants.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause came on to be heard on the pleadings and testimony produced before the court, together with briefs filed by the parties.

The plaintiffs Romine, et ux, are the owners of upland property in the Bay of Florida in Monroe County. The defendants Cramer, et ux, are also the owners of upland property in the Bay of Florida in Monroe County. The Bay of Florida is a bay of the sea. The property of the plaintiffs is near but not adjacent to the property of the defendants.

In October 1951 the plaintiffs applied to the trustees of the Internal Improvement Fund of the State of Florida, who are also plaintiffs herein, for a grant of submerged land alleged to be immediately adjacent to the uplands of the defendants.

As a part of the application the defendants supplied the trustees with a meager surveyor's sketch or drawing depicting the defendants' upland property, which did not present the whole picture of the rights of other upland owners in the vicinity, including the Romines. The defendants did not show the Romines property in the sketch, nor did they show that the grant of such lands might infringe on the riparian rights of the Romines and others not parties to this suit.

Relying on the representations made to them by the defendants, the trustees on January 16, 1952 granted to the defendants for the sum of $276 the following described lands —

Commencing on the NW corner of Lot 18, VACA VILLAGE SUBDIVISION, a Resubdivision of Lots 7 and 8 of THOMPSON AND ADAMS SUBDIVISION, as recorded in Plat Book 2 at Page 24 of the Public Records of Monroe County, Florida, THE POINT OF BEGINNING, being on the M.H.W. Line of the Bay of Florida; thence North 700.00 feet; thence East 85.973 feet; thence South 690.38 feet to M.H.W. Line of the Bay of Florida; thence meandering the M.H.W. Line South-

westerly to the Point of Beginning. Containing 1.38 acres, more or less, and lying and being in Section 10, Township 66 South, Range 32 East, Monroe County, Florida.

The grant was made by the trustees on the application of the defendants under provisions of chapter 253, Florida Statutes.

The defendants disclosed to the trustees only information with respect to the area between their property and the water, did not supply any information with respect to any other property which faced the same body of water.

The defendants are the present record title owners to the lands herein described. By this litigation the plaintiffs seek to set aside the deed from the trustees to the defendants.

The court finds — (a) That the defendants made an application to the trustees without making full disclosure, and the trustees relying upon the application executed the deed which they would not have granted had they been in possession of a complete survey showing the location of the property sold by them in relation to the upland properties owned by the Romines and others. (b) That the equities in this case are with the plaintiffs and against the defendants and that the deed executed by the trustees to the defendants should be set aside, and that the defendants should recover the sum of $276 which is in the registry of the court, as restitution. (c) That the defendants' motion to dismiss should be denied.

It is therefore ordered, adjudged and decreed —

1. That defendants' motion to dismiss the amended complaint is denied.

2. That deed number 19969, dated January 16, 1952, wherein the trustees of the Internal Improvement Fund of the State of Florida are grantors and Harold D. Cramer and Viola B. Cramer are grantees, recorded in book G-63, at page 107 of the public records of Monroe County, Florida, for the grant, bargain, sale and conveyance of the following described lands —

Commencing on the NW corner of Lot 18, VACA VILLAGE SUBDIVISION, a Resubdivision of Lots 7 and 8 of THOMPSON AND ADAMS SUBDIVISION, as recorded in Plat Book 2 at Page 24 of the Public Records of Monroe County, Florida, THE POINT OF BEGINNING, being on the M.H.W. Line of the Bay of Florida; thence North 700.00 feet; thence East 85.973 feet; thence South 690.38 feet to M.H.W. Line of the Bay of Florida; thence meandering the M.H.W. Line Southwesterly to the Point of Beginning. Containing 1.38 acres, more or less, and lying and being in Section 10, Township 66 South, Range 32 East, Monroe County, Florida.

is hereby set aside and canceled of public record. The clerk of the court is ordered and directed to cancel said deed of record, and to pay to the defendants, Harold D. Cramer and Viola B. Cramer, the sum of $276, heretofore paid into the registry of the court by the plaintiffs, trustees, as restitution.

3. That the defendants are enjoined from filling in or bulkheading any submerged lands supposedly granted by virtue of the deed herein described.

4. That the plaintiffs, Romines, and the defendants, Cramers, may re-apply to the plaintiffs, trustees, for a grant of the said submerged lands, and the plaintiffs, trustees, shall preserve the riparian rights of the upland owners as near as practicable so as to equitably distribute the said submerged lands between all interested upland owners.

5. That the costs of this cause shall be borne by each of the parties incurring same.