202 So.2d 884 (1967)
James C. MORGAN and Mary Jane Morgan, His Wife, Florida Unlimited, Inc., a Florida Corporation, Mildred J. Leyda, a Single Woman, Donald F. Leyda and Kathleen M. Leyda, His Wife, and Joseph C. Hamilton and Helen E. Hamilton, His Wife, Appellants,
v.
CANAVERAL PORT AUTHORITY, a Quasi-Public Corporation Existing under the Laws of the State of Florida, A.A. Dunn, R.A. Cutter, John Z. D'Albora, Jr., Roderick S. McIver and Kelly L. Brinson, Constituting and Composing the Board of Commissioners of the Canaveral Port Authority, Appellees.
No. 1012.
District Court of Appeal of Florida, Fourth District.
October 11, 1967.
*885 Ernest R. Drosdick, of Anderson, Rush, Dean & Lowndes, Orlando, for appellants.
Edward M. Jackson, of Jackson & Jackson, Cocoa, for appellees.
McCAIN, Judge.
The appellants, plaintiffs below, appeal from a dismissal with prejudice of their third amended complaint which sought to void a deed from the Trustees of the Internal Improvement Fund of the State of Florida to the appellees, defendants below, conveying certain submerged and sovereignty lands in the Banana River. The trustees were not parties to this cause.
The submerged lands in dispute abut the channel of the Banana River on one side and certain uplands on the other side, which uplands are either owned by or under long term lease to the initial appellants, Morgan. The remaining appellants, owners of said uplands under lease, are intervenors.
The essential allegations of the third amended complaint plead that the appellees made written application to the trustees for sale of the submerged lands on December 13, 1948. This was accompanied by a plat or survey portraying the submerged lands, containing thereon a notation that no residences or improvements existed on the uplands. Notice of sale was duly published by the trustees, and, no objections being made, a deed of conveyance was issued to the appellees dated September 29, 1949, recorded on December 28, 1949. No representation of ownership or non-ownership of the uplands was made by the appellees. The appellants acquired their interests in the uplands at a later date and upon learning of the sale of the submerged lands sought relief, unsuccessfully, through administrative processes with the trustees.
Voidance of the deed is sought under allegations that such conveyance violated a trust requiring such lands to be held and protected for the benefit of riparian owners and the public, that such conveyance was prompted through fraud and misrepresentations perpetrated by the appellees' failure to disclose they were not the owners of the uplands and that such conveyance constituted an inequitable distribution of the submerged lands.
*886 To this, the appellees filed their motion to dismiss which was granted by the lower court after announcement that the appellants elected not to further amend their complaint. We can find no error since the allegations are not sufficient upon which to predicate fraud.
The issues herein raised are dispositive under F.S.A. ch. 253 existing at the time of application for sale of the lands and issuance of the deed in question.
F.S.A. § 253.12 placed title to such submerged lands in the trustees of the internal improvement fund. F.S.A. § 253.13 provided that the trustees could convey such submerged lands upon such price and terms as they saw fit, after giving notice by publication in a newspaper published in the county in which such lands were located in order that any person having objections would have the opportunity to present the same. If no objections were filed the trustees had full authority to consummate the sale.
F.S.A. § 253.14 provided that nothing contained in chapter 253 should be taken to prevent an owner from bringing suit to enjoin such sale on the ground that he would be deprived of his riparian rights; however, such suit was to be commenced within thirty days after the trustees overruled the objections of such owner to the proposed sale.
The instant record discloses that the lands in question were advertised for sale and no objections were made. The record does not disclose why the appellants' predecessors in title did not object to the sale, or why it took some fifteen years before the sale was questioned.
The appellees were not obligated to disclose whether they, or others, were the owners of the uplands.
A riparian owner then had no preferential privilege or specific rights to the purchase of sovereignty lands held in trust by the trustees. Anderson v. Collins, Fla. App. 1959, 111 So.2d 44; Duval Engineering and Contracting Company v. Sales, Fla. 1954, 77 So.2d 431; Holland v. Fort Pierce Financing & Construction Co., 1946, 157 Fla. 649, 27 So.2d 76.
The investigation made by the trustees in this instance is not fully disclosed in the pleadings; however, in respect to a determination of facts it is presumed that public officials did their duty. This is amplified in the opinion rendered in Pembroke v. Peninsular Terminal Co., 1933, 108 Fla. 46, 146 So. 249, stating:
"The presumption is that the trustees, being public officials of the state, complied with their duty under the law, and that they correctly ascertained the facts warranting their action. This presumption is to all intents and purposes a conclusive one when attempted to be put in issue by a collateral attack in a suit between private parties * * *."
See also East Coast Grocery Company v. Collins, Fla.1957, 96 So.2d 793; Conoley v. Naetzker, Fla.App.1962, 137 So.2d 6.
The appellants rely upon Romine v. Cramer, Cir.Ct.Monroe Co. 1958, 15 Fla. Supp. 195 (aff'd Fla.App. 1959, 114 So.2d 629; cert. denied, Fla. 1960, 122 So.2d 778, and 364 U.S. 862, 81 S.Ct. 102, 5 L.Ed.2d 85); however, it is easily distinguishable from the case sub judice. First, the Romine case involved the trustees of the internal improvement fund as party plaintiff seeking voidance of a deed based upon overt misrepresentation by the applicant and reliance thereon by the trustees. Second the misrepresentation arose when the applicant represented that he was the owner of the uplands to the submerged lands involved when in fact he wasn't. Third, the shoreline of the uplands was concave so that the submerged lands involved cut across the submerged lands in front of other owners.
The application by and the conveyance to the appellees of the submerged lands in question was made in compliance with statutory requirements. No question has been raised that the upland owners were denied *887 the opportunity to protest the sale. It does not appear that any upland owner sought to enjoin the sale by appropriate court action. In this case fraudulent conduct cannot be presumed by failure to negate in an application matters and facts which the applicant was not required to show in the first instance. It cannot be assumed that the appellants relied to their detriment upon any act or omission on the part of the appellees. 14 Fla.Jur., Fraud & Deceit, §§ 64, 65, 66 and 68.
It is to be also observed that F.S.A. § 253.12 was amended in 1951, with subsection (2) added, reading in pertinent part as follows:
"(2) All conveyances of sovereignty lands heretofore made by the trustees of the internal improvement trust fund of Florida * * * are hereby ratified, confirmed, and validated in all respects."
We are of the opinion under the record in this case that no error has been committed by the lower court.
Affirmed.
WALDEN, C.J., and CROSS, J., concur.