**Joseph FARRUGIA, Plaintiff,**

v.

**Reubin O'D ASKEW, Governor, et al.,
Defendants.**

**Civ. A. No. 1799.**

United States District Court,
N. D. Florida,
Tallahassee Division.

May 24, 1973.

---

Charleş H. Netter, Miami, Fla., J. Gibson Tucker, New Orleans, La., for plaintiff.

M. Stephen Turner, Counsel for Board of Trustees, Robert Shevin, Atty. Gen., Dept. of Legal Affairs, Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for defendants.

## ORDER

MIDDLEBROOKS, District Judge.

This cause is before the Court upon motions of defendants to dismiss the amended complaint. The Court, having heard argument of counsel and having considered memoranda of law in support of the respective positions of the parties, concludes that the motions of the federal and state defendants should be granted.

The facts pertinent to disposition of the pending issues may be capsulated thusly:

Plaintiff, a Florida resident and a landowner in Monroe County, Florida,

sought to develop land owned by him, a portion of which is bay bottom land ostensibly owned by him. As part of the proposed plan of development plaintiff intended to dredge and fill a portion of those lands which he owned. This plan of development was never fully implemented because the United States Army Corp of Engineers allegedly informed plaintiff that they would refuse plaintiff a dredge and fill permit without plaintiff first having received approval for his proposed action from the Florida Board of Trustees of the Internal Improvement Trust Fund. No formal application, however, was ever submitted to the Corps of Engineers by plaintiff. Notwithstanding plaintiff's assertion that he was not required by law to make application to the state defendants, an attempt was made by plaintiff to gain permission of the state defendants for implementation of plaintiff's proposed plan of development. This application to the state defendants allegedly was not acted upon. As a result of these alleged foregoing acts of defendants, plaintiff seeks injunctive and monetary relief for tortious interference with and deprivation of the use of property and for wrongful expropriation of property. Jurisdiction in this Court is predicated on federal question.

## I

■ The federal defendant's argument *imprimis* relates to the standing of plaintiff to sue at this time, since the pleadings affirmatively disclose that plaintiff has at no time made formal application to the federal defendant for a dredge and fill permit, that he has not had any action thereon refused by the federal defendant and that no other affirmative action has been taken against him by this federal defendant, the Court must conclude that this controversy is not ripe for court action because the government official empowered to act has not been given an opportunity to perform those duties imposed on him by federal statutes. Bankers Life and Casualty Co. v. Village of North Palm Beach, Florida, 469 F.2d 994 (5th Cir. 1972).[1] Because of the Court's holding in this respect the Court pretermits further consideration of the federal defendant's sovereign immunity argument. But see, Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1961) and Dugan v. Rank, 372 U.S. 609, 83 S Ct. 999, 10 L.Ed.2d 15 (1962).

## II

The state defendant has moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Spearheading this defendant's argument is the contention that this action is an unconsented suit against the State of Florida which is barred by the Eleventh Amendment to the United States Constitution. This jurisdictional argument is advanced even though plaintiff himself is a Florida resident. See e. g. Employees of Dept. of Public Health and Welfare of Missouri v. Dept. of Public Health and Welfare of Missouri et al., 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). It is noteworthy that plaintiff seeks not only injunctive relief but recovery of damages as well. The Court has also assumed as suggested by plaintiff's counsel that this action has taken the characteristics of a civil rights action against state and federal officials under Title 42, United States Code, Section 1985 for conspiracy to violate plaintiff's federally protected rights, although essentially this is an action for declaratory decree by this Court that the action of defendants is *ultra vires* in that plaintiff's property would not be subject to the jurisdiction of the state and federal defendants under the circumstances of this action.

■ Initially, the Court considers whether the Eleventh Amendment would

1. The latest pronouncement in this area in the Fifth Circuit is United States v. Moretti, Inc. et al., 478 F.2d 418, 5th Cir. 1973 where the Court held that further affirmative action by the federal district court must await completion of the statutory administrative scheme by the person aggrieved by the agency action taken against him.

constitute a bar to this suit against the Florida Internal Improvement Trust Fund in light of the recent decision in Aerojet-General v. Askew et al., 453 F. 2d 819 (5th Cir. 1972). In that case the Fifth Circuit found that title to certain state lands reposed in the Internal Improvement Trust Fund by virtue of Florida law; therefore, the appellate court concluded that this state agency was an entity vested with authority to act separate and apart from the state and was not therefore acting in that action as a mere agent of the state in administering these lands. Compare Tardan v. Chevron Oil Co. et al., 463 F.2d 651, 5th Cir. 1972.

Under existing Florida law, § 253.01, Florida Statutes, F.S.A., certain lands within the State of Florida are set apart and declared a separate and distinct fund, to be administered by the Internal Improvement Trust Fund § 253.02, Florida Statutes, F.S.A. Among those lands within the domain of the Internal Improvement Trust Fund are submerged tidal lands, § 253.03, Florida Statutes, F. S.A. This phenomenon resulted by virtue of passage of the Federal Submerged Land Act, Title 43, United States Code, Section 1301 et seq. whereby the United States relinquished to the respective states all right to administer and control lands beneath navigable waters. Title to submerged tidal lands is expressly vested in the Board of Trustees of the Internal Improvement Trust Fund, § 253.12, Florida Statutes, F.S.A. Although submerged tidal lands located in Monroe County, Florida, were exempted from coverage of the many provisions of this statutory chapter at the time this cause of action accrued, the above cited statutory sections and their relation to submerged lands in Monroe County, Florida, remained unaffected § 253.135(3), Florida Statutes, F.S.A. The question thus narrows to whether these submerged tidal lands in Monroe County, Florida, are, of such a special class of lands that the Trustees of the Internal Improvement Trust Fund cannot administer them in the same autonomous fashion as were those lands which were the subject matter in *Aerojet,* supra; and thus necessitate further, especial considerations which would compel the conclusion that in disposing of state submerged lands, the Trustees of the Internal Improvement Trust Fund may act only as an arm of the state rather than as an independent administrative entity.

The answer to the question posited appears to be in the negative. Florida decisional authority is scant although § 253.12(2)(a), Florida Statutes, F.S.A., seemingly provides unequivocal authority to the Trustees to dispose of such submerged lands in the same manner and with the same authority as they would any other class of lands administered by them. See also Morgan v. Canaveral Port Authority, 202 So.2d 884 (4th D.C.A. 1967). Thus, under such existing statutory provisions, "suits against the trustee state officers, with reference to the execution of the trust, including sales of the lands and the use of the proceeds for the trust, are not suits against the state. Trustees I. I. Fund v. Bailey, 10 Fla. 112 * * * ." Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323 (1925). *A fortiori,* at this juncture it would appear that the Eleventh Amendment would not bar plaintiff from maintaining this action against the state defendants since the aim of the suit is to require performance of duties consistent with those express duties prescribed by statute. *Aerojet-General,* supra.

### III

The quest for an answer to whether the amended complaint states a claim upon which relief can be granted leads inescapably to the allegata of the amended complaint itself. In doing so, the Court examines the pleadings in light most favorable to plaintiff in order to determine whether a claim for relief can

be stated under the facts taken to be true as alleged. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Thompson v. Allstate Insurance Co., 476 F.2d 746, at p. 749, 5th Cir. 1973.

■ Broken down into its component parts, the amended complaint alleges existence of a conspiracy between the federal and state defendants and an attempt by them to impede the development of bay bottom lands in Monroe County, Florida. In addition to this claim is the pendent claim against the state defendant which is the nature of an inverse condemnation claim for recovery of damages.

Taken in the light most favorable to plaintiff, the allegations of the amended complaint would fail to disclose a concrete controversy between plaintiff and defendants and the necessary concert of any affirmative illicit action between the two groups of defendants to sustain the claim of unlawful conspiratorial action against plaintiff.[2] In this regard the claim for injunctive and declaratory relief against those two groups of defendants would appear to founder for reasons already set forth herein and in an accompanying order entered in a companion case, Webster v. Askew, et al. 371 F.Supp. 736.

■ Additionally, the federal law claim, now appearing to be insufficient for jurisdictional purposes, is now removed from this action; consequently, there is nothing remaining of jurisdictional substance to which the pendent state claim or claims may attach and thus the amended complaint must be dismissed in its entirety. Accordingly, it is

Ordered that defendants' motions to dismiss be and the same are hereby granted and plaintiff's amended complaint be and it is hereby dismissed without prejudice.

2. The Court expresses no view at this time whether the federal agency is properly sua-

ble in a claim brought under Title 42, United States Code, Section 1985.