**Richard G. WEBSTER, Plaintiff,**

v.

**Reubin O'D ASKEW, etc., et al., Defendants.**

**Civ. A. No. 1798.**

United States District Court, N. D. Florida, Tallahassee Division.

May 24, 1973.

Charles H. Netter, Miami, Fla., J. Gibson Tucker, New Orleans, La., for plaintiff.

M. Stephen Turner, Counsel for Board of Trustees, Robert Shevin, Atty. Gen., Dept. of Legal Affairs, Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for defendants.

## ORDER

MIDDLEBROOKS, District Judge.

This cause is before the Court upon motions of defendants to dismiss the amended complaint. The Court having heard argument of counsel and having considered memoranda of law in support of the respective positions of the parties, concludes that the motions should be granted.

The facts pertinent to disposition of the pending issues may be capsulated thusly:

Plaintiff, a non-resident of Florida, and a landowner in Monroe County, Florida, sought to develop land owned by him, a portion of which is bay bottom land and a portion of which is mangrove land. As part of the proposed plan of development, plaintiff attempted to build a road across a portion of these lands by utilizing dredging and filling operations. This plan of development was never fully implemented because the United States Army Corps of Engineers allegedly informed plaintiff he would have to cease and desist these operations and threatened him with criminal sanction if he continued in this manner. Before commencing any of these operations which admittedly involved lands along the shoreline and submerged lands, plaintiff had not obtained approval for same from either the federal or state defendants. Since the time he was advised to cease operations, plaintiff has not submitted formal application either to the federal defendant or to the state defendant that he be allowed to continue his operations. Plaintiff alleges that it would be "a vain and useless thing" to proceed in this fashion. As a result of the alleged foregoing acts of defendants, plaintiff seeks injunctive, declaratory and monetary relief for tortious interference with and deprivation of the use of property and for wrongful expropriation of property. Jurisdiction in this Court is predicated in general on federal question.

I

The defendants' argument *imprimis* relates to the standing of plaintiff to sue at this time. Since the pleadings affirmatively disclose that plaintiff has at no time made formal application to defendants for a dredge and fill permit nor has he had any action thereon refused by any of the defendants, the federal defendant contends that this controversy is not ripe for court action because the government official empowered to act has not been given an opportunity to perform those duties imposed on him by law. Bankers Life and Casualty Co. v. Village of North Palm Beach, Florida, 469 F.2d 994 (5th Cir. 1972).

Plaintiff contends that notwithstanding this lack of finite contentiousness between the parties there is sufficient final agency action on part of the Army Corps of Engineers to invoke this Court's general equity powers under the Federal Administrative Procedure Act, Title 5, United States Code, Sections 702, 704. See Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

The case at bar is readily distinguishable from *Abbott Laboratories*, supra, in that the challenged agency action spawned from a formal agency rule, the

violation of which carried imposition of immediate criminal sanctions. Additionally, there were no further administrative proceedings contemplated by this agency action once a violation was alleged to have occurred. In sum, the Court explicitly found that the regulation was not informal, tentative, or the ruling of an agency subordinate, but rather that it represented the final position of the agency and showed that it was steeled for immediate action as to that conduct affected by the regulation.

In the action, *sub judice,* the cease and desist order by an official of the Army Corps of Engineers merely constituted an informal notice of possible violation of the Rivers and Harbors Act of 1899, Title 33, United States Code, Section 403, and warned of possible criminal sanctions which could be imposed. Clearly this agency action must be considered as tentative or interim since further administrative proceedings are contemplated before any final agency action proceeds against this plaintiff. Relative to the issuance of the cease and desist order from the office of the District Engineer to plaintiff, it is plain that 33 C.F.R. Section 209.260m–n contemplates further administrative action before finality of action attaches. By the same token, determination of imposition of criminal and civil sanctions must await action of Justice Department officials and not those of officers of the Army Corps of Engineers at a district office, 33 C.F.R. Section 209.170g(1)–(6). In this regard, the agency action complained of in the amended complaint is inconclusive and cannot be deemed "final". See also Title 33, United States Code, Section 413, wherein the statutory intent is manifested that Justice Department officials are considered the proper authority to conduct enforcement proceedings for violations of this statutory act and not the local agency officials. In this posture and following the teaching of *Abbott Laboratories,* supra, the Court is constrained to find that the Court should dismiss the amended complaint which seeks essentially declaratory and injunctive relief against the federal defendant for failure to state a claim upon which relief can be granted at this time. Bankers Life and Casualty Co. v. Village of North Palm Beach, Florida, supra; United States v. Feaster, 410 F.2d 1354 (5th Cir. 1968). Compare also State of Florida et al. v. Richardson, 355 F.Supp. 1027 (N.D.Fla.1973).[1]

## II

Next the Court must focus its sights on the motion of the state defendant that the amended complaint should be dismissed as to it also. The allegata of the amended complaint taken in the light most favorable to plaintiff, would fail to disclose a concrete controversy between plaintiff and the state defendant and the necessary concert of any affirmative illicit action between the two groups of defendants to sustain the claim of unlawful conspiratorial action against plaintiff. In this regard the claim for injunctive and declaratory relief against those two groups of defendants would appear to founder for rea-

1. The Court pretermits discussion as to the federal defendant's contention that sovereign immunity constitutes a bar to the maintenance of this action. But see Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Bass Anglers Sportsman's Soc. v. Scholze Tannery, Inc. et al., 329 F.Supp. 339, 350 (E.D.Tenn.1971).

As a post-operative aside this Court finds this result fully consistent with United States v. Moretti, Inc. et al., 478 F.2d 418, 5th Cir. 1973 recently rendered by the Fifth Circuit Court of Appeals wherein the administrative remedies and procedures available in this cause are chronicled. In remanding that cause for completion of the administrative process, Chief Judge Brown, writing for the panel, remarked:

"We do think, however, that as a matter of primary jurisdiction it is in the administrative process that the MHTL must first be determined. For where the boundary of its authority is this elusive line, it should have the first opportunity to determine whether and to what extent the area is or is not within its jurisdiction." [Footnotes and citations of authority omitted]. *Ibid.* at p. 432

sons already set forth. This matter does not end here, however, because plaintiff has alleged other independent jurisdictional bases relative to his claims against the state defendant.

 Ostensibly, plaintiff being a non-resident party, could invoke this Court's jurisdiction under Title 28, United States Code, Section 1332, the diversity of citizenship section, in order to sustain his claims for relief against the state defendant even though same is not alleged. This statutory section could in turn be used to invoke this Court's general equity powers. See PPG Industries, Inc. v. Continental Oil Co., 478 F.2d 674, at pp. 677–678, 5th Cir. 1973.

Whatever the form of the jurisdictional predicate, whether declaratory relief under Title 28, United States Code, Sections 2201 and 2202, or diversity of citizenship and jurisdictional amount in controversy, there must exist between the parties an actual case or controversy. Nowhere in the amended complaint, upon examination of the allegations contained in Paragraphs XVI through XXVII, can there be found to exist between plaintiff and the state defendant an actual case or controversy. In the posture of these pleadings this Court is reminded that "the declaratory judgment procedure should not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it should be used as a substitute for statutory methods of review." Public Service Commission v. Wycoff, 344 U.S. 237, 246, 73 S.Ct. 236, 241, 97 L.Ed. 291 (1952). As previously noted, neither defendant has been presented any formal application to act upon and thus the existence of any real controversy between plaintiff and defendants would be tantamount to conjecture in the purest form. Such imprecise speculation would not constitute a case or con-

troversy within the context of Article III, United States Constitution, and thus the motions to dismiss must be granted.[2] See generally, C. Wright, Federal Courts, § 12 (2d ed. 1970). Accordingly, it is

Ordered that defendants' motions to dismiss be and the same are hereby granted and plaintiff's amended complaint be and it is hereby dismissed without prejudice.

---

**2.** Because of the disposition made of the pending motions in the instant action, it is not necessary to reach the Eleventh Amendment argument advanced by the state defendant. Attention is called, however, to this Court's accompanying order in a companion case to the instant action, Farrugia v. Askew et al., 371 F.Supp. 736, wherein that argument has been given consideration.